IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION



WILLIAM JORDAN,

    Plaintiff,

vs.

SCALES EXPRESS, INC.

    Defendant.

CIVIL ACTION NO.

7:05-CV-07

Jury Trial Demanded

## COMPLAINT

COMES NOW, Plaintiff in the above captioned action and hereby states his complaint against the above named defendant on the following grounds:

### Jurisdiction and Venue

1.

This action is for unlawful employment discrimination and is brought pursuant to the Americans with Disabilities Act, 29 U.S.C.§, 12101, et. seq. This Court has jurisdiction of this matter pursuant to 42 U.S.C. § 12117(e), 42 U.S.C.2000e-5(f), and 28 U.S.C.§ 1331. This action is authorized and instituted pursuant to 42 U.S.C..§ 12117(a), which incorporates by reference § 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964, as amended (42 U.S.C.§ 2000 e-4, et .seq.).

2.

The unlawful employment practices hereinafter alleged were committed in the Middle District of Georgia, and thus venue is proper in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391.

## Description of the Parties

3.

Plaintiff William Jordan is a resident of Tift County, Georgia.

4.

Defendant Scales Express, Inc. is a Georgia corporation doing business in the State of Georgia, including the Middle District of Georgia. Defendant was, at all times relevant to this action, an employer as defined under the Americans With Disabilities Act. Defendant may be served with process by serving any managing or general agent, including its registered agent for service of process, Gary N. Freeman at 214 South Main Street, Maysville, Jackson County, Georgia.

## Administrative Procedures

5.

Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (E.E.O.C.).

6.

The E.E.O.C. issued a "Notice of Right to Sue" letter, entitling plaintiff to commence this action within ninety (90) days of his receipt of that notice. This action has been properly and timely commenced within the ninety (90) day period following plaintiff's receipt of said notice.

## General Allegations

7.

Defendant Scales Express, Inc. is now, and at all times relevant hereto has been, an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII and the ADA and has employed more than the requisite number of persons for the requisite duration under applicable provisions of law.

8.

Plaintiff began his employment with Defendant Scales Express, Inc. on or about September, 2002 as a truck driver.

9.

In his position as a truck driver from the beginning of his employment until his termination, plaintiff was supervised directly by Hank Smith.

10.

As part of the pre-employment inquiry by defendant, defendant requested medical information likely to elicit a disability-related disclosure.

11.

At all times relevant hereto, plaintiff was supervised by Hank Smith, a manager employed by Scales Express, Inc.

12.

In January, 2003, plaintiff was asked to supply a medical statement from a physician stating that he was able to continue in his position as a truck driver without medical restrictions.

13.

Plaintiff twice complied with requests to supply statements from his physician stating that he was able to perform his duties in his position with defendant.

14.

Despite receipt of the requested permission from a physician regarding plaintiff's ability to perform the duties of his position, defendant terminated plaintiff on or about January 13, 2003.

15.

In connection with his termination on or about January 13, 2003, plaintiff was specifically advised that the reason for his termination from employment with defendant was his diabetes.

16.

Plaintiff was terminated from employment in any position with defendant on the basis of a perceived disability in violation of the Americans With Disabilities Act (ADA).

17.

Plaintiff has suffered lost income and benefits as well as future ability to earn greater compensation.

18.

At all times relevant hereto, plaintiff has been willing, able and qualified to perform all duties associated with his position as a truck driver with defendant.

19.

Plaintiff's diabetes did not limit a major life activity, including the major life activity of working, but plaintiff was regarded by his employer as having a disability under the ADA and was treated as having such a disability.

## COUNT ONE

## Violation of the Americans With Disabilities Act (ADA)

20.

Plaintiff hereby re-alleges and incorporates by reference as fully set forth herein, the allegations of all preceding paragraphs numbered one (1) through nineteen (19) above.

21.

As a proximate result of defendant's discrimination, plaintiff was foreclosed from working in any position with defendant and has suffered loss of past earnings as well as other benefits, including insurance coverage and other benefits.

22.

As a further proximate result of defendant's discrimination, plaintiff has suffered and continues to suffer embarrassment, humiliation, anguish and other incidental and consequential damages, all in an amount to be proven at trial.

23.

The conduct of defendant was outrageous, done in a deliberate, callous, malicious, fraudulent, or oppressive manner intended to injure plaintiff, and was undertaken with an improper and malicious motive done in conscious disregard of plaintiff's rights. Therefore, plaintiff is entitled to an award of punitive damages to be proved at trial.

24.

In addition, the conduct of defendant failed to adequately protect from disclosure the confidential medical information of plaintiff in violation of ADA, by failing to segregate and keep private said information.

25.

In addition, the conduct of defendant violated the ADA in that defendant made pre-employment medical inquiries in violation of the ADA by inquiring about matters which were likely to elicit a disability-related disclosure.

WHEREFORE, Plaintiff respectfully requests:

(a)  A trial by jury on all counts;

(b)  That plaintiff be made whole in the form of back pay and front pay, and afforded all benefits that would have been afforded plaintiff but for said discrimination;

(c)  A permanent injunction prohibiting defendant from engaging in future discriminatory or retaliatory acts against plaintiff;

(d)  A permanent injunction requiring defendant to protect the confidentiality of medical information as required by the ADA;

(e) A permanent injunction requiring defendant to refrain from making pre-employment inquiries that violate the ADA in connection with medical inquiries;

(f) That defendant be required to pay to plaintiff the full sum of plaintiff's back pay, front pay, and all benefits;

(g) That defendant be required to pay plaintiff's cost of suit as well as reasonable attorney's fees;

(h) That defendant be required to pay pre-judgment interest;

(i) All other relief the Court deems just and proper;

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted this 14th day of January, 2005.

O'NEAL, BROWN & CLARK, P.C.
BY:

544 Mulberry St., Ste. 1001
Macon, Georgia 31201
478/742-8981

Jarome E. Gautreaux
State Bar No.: 297336

SIMPSON & CROSS
BY:

P. O. Box 327
Tifton, Georgia 31793
229/382-9350

Ralph F. Simpson
State Bar No.: 648200

⬛ JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JORDAN, WILLIAM

## DEFENDANTS
SCALES EXPRESS, INC.

(b) County of Residence of First Listed Plaintiff __TIFT__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __TIFT__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  478/742-8981
O'Neal, Brown & Clark, P.C.
544 Mulberry Street, Suite 1001 Macon, GA

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Civil Statute: 42 U.S.C.§ 12101, et.seq.
Brief description of cause:
Unlawful Discrimination Based on Perceived Disability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Damages and Injuction
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER 7:05-CV-7

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # STPP4  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____